UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORRAINE KELLOGG,

    Plaintiff,

vs.    CASE NO.: 3:17-cv-410-J-25JBT

A & A SAMALINAS ENTERPRISE, LLC,
a Florida for Profit Limited Liability
Company, and ANGELINA FREDA,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LORRAINE KELLOGG, by and through the undersigned attorney, sues the Defendants, A & A SAMALINAS ENTERPRISE, LLC, a Florida Limited Liability Company, and ANGELINA FREDA, Individually, and alleges:

1. Plaintiff, LORRAINE KELLOGG, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, LORRAINE KELLOGG was an employee who worked at Defendants' property within the last three years in Flagler County, Florida.

3. Plaintiff, LORRAINE KELLOGG, worked for Defendants as a laborer.

4. Plaintiff, LORRAINE KELLOGG, was paid an hourly rate starting at $10.50/hour and eventually was provided a raise to $12.00/hour.

5. Defendant, A & A SAMALINAS ENTERPRISE, LLC, is a Florida Limited Liability Company that operates and conducts business in Flagler County, Florida and is therefore,

1

within the jurisdiction of this Court.

6. Defendant, A & A SAMALINAS ENTERPRISE, LLC, provides remodeling and installation services for residential properties.

7. Defendant also provides landscaping installation.

8. At all times relevant to this action, ANGELINA FREDA was an individual resident of the State of Florida, who owned and operated A & A SAMALINAS ENTERPRISE, LLC, and who regularly exercised the authority to: (a) hire and fire employees of A & A SAMALINAS ENTERPRISE, LLC; (b) determine the work schedules for the employees of A & A SAMALINAS ENTERPRISE, LLC, and (c) control the finances and operations of A & A SAMALINAS ENTERPRISE, LLC. By virtue of having regularly exercised that authority on behalf of A & A SAMALINAS ENTERPRISE, LLC, ANGELINA FREDA is/was an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendants, Defendant, A & A SAMALINAS ENTERPRISE, LLC, earned more than $500,000.00 per year in gross sales.

12. Defendant, A & A SAMALINAS ENTERPRISE, LLC, employed approximately fifty (50) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, A & A SAMALINAS ENTERPRISE, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as paint, bathroom/kitchen tile, lighting, lighting receptacles, power

drills, nails, bonding materials, screws, and other items used to run the business.

14. At all material times relevant to this action, Plaintiff, LORRAINE KELLOGG, was individually covered under the FLSA.

15. At all material times relevant to this action, Plaintiff, LORRAINE KELLOGG, was a non-exempt employee under the FLSA.

16. At all material times relevant to this action, Defendant, A & A SAMALINAS ENTERPRISE, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### FLSA Violations

17. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

18. During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

20. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above as though stated fully herein.

22. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

23. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

24. Specifically, Plaintiff was paid her regular rate for all hours works regardless of how many overtime hours were worked in the workweek.

25. For example, for the one week pay period of September 9, 2016 through September 15, 2016, Plaintiff worked 45 hours at a rate of $12.00 per hour.

26. Defendants compensated Plaintiff a total of $540.00 for the week (45 hours x $12.00 = $540.00). *See Exhibit "A."*

27. Another example, for the one week pay period of August 19, 2016 through August 25, 2016, Plaintiff worked 56.50 hours at a rate of $12.00 per hour.

28. Defendants compensated Plaintiff a total of $678.00 for the week (56.5 hours x $12.00 = $678.00). *See Exhibit "B."*

29. Defendants have failed provide accurate overtime compensation for numerous pay periods.

30. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

31. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

32. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable

attorneys' fees and costs.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LORRAINE KELLOGG demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 21 day of March, 2017

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff